IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ANTONIO LAMAR MORGAN,         :
                              :
            Plaintiff,        :
                              :
v.                            :
                              :   NO. 7:25-CV-30-WLS-ALS
                              :
GEORGIA BOARD OF PARDONS      :
AND PAROLE, *et al.*,         :
                              :
            Defendants.       :
_____:

## ORDER OF DISMISSAL

Plaintiff Antonio Lamar Morgan, a prisoner at Valdosta State Prison in Valdosta, Georgia, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff also moved (1) to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a) (ECF No. 3); (2) for appointment of counsel (ECF No. 4; ECF No. 7); (3) for a preliminary injunction (ECF No. 5); and (6) to amend his complaint (ECF No. 6).[1] Upon review of these documents, the Court finds that Plaintiff may not proceed *in forma pauperis* because more than three of his prior federal lawsuits have been dismissed on grounds that count as "strikes" under 28 U.S.C. § 1915(g), and Plaintiff has not alleged facts showing that he is in imminent danger of serious physical injury. Therefore,

---

[1] Plaintiff filed his motion to amend the complaint (ECF No. 6) within the time during which he could amend as a matter of right. Fed. R. Civ. P. 15(a). Thus, a motion to amend was unnecessary and it is **DENIED** as moot. The Court reviewed both the original and amended complaints to determine if Plaintiff alleged an "imminent danger of serious physical harm." 28 U.S.C. 1915(g).

Plaintiff's motion to proceed *in forma pauperis* is **DENIED**, and his complaint is **DISMISSED WITHOUT PREJUDICE**, as set forth below.

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Once a prisoner incurs three strikes, leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed various federal lawsuits and that at least three of his complaints or appeals were dismissed as frivolous or malicious or for failure to state a claim. *See Morgan v. Shropshire*, 7:24-cv-76-WLS-TQL, ECF No. 8 (M.D. Ga. Oct. 25, 2024) (order dismissing for failure to state a claim); *Morgan v. Dozier*, 7:21-cv-164-HL-TQL, ECF No. 8 (M.D. Ga. May 2, 2022) (recommendation to dismiss for abuse of judicial process due to failure to disclose litigation history), report and

recommendation adopted, ECF No. 9 (M.D. Ga. June 1, 2022)[2]; *Morgan v. Hammock-Evans*, 4:17-cv-270-HLM, ECF No. 3 (N.D. Ga. Feb. 12, 2018) (recommendation to dismiss for abuse of the judicial process due to failure to disclose litigation history), report and recommendation adopted, ECF No. 5 (N.D. Ga. March 6, 2018). Thus, Plaintiff is barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Att'y Off.*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is 'serious physical injury.'" *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Plaintiff complains about his conviction and sentence, his denial of parole, and his confinement in prison as opposed to being placed in a "state work release program." ECF No. 1 at 8. Plaintiff seeks release from prison, which is not available in a 42 U.S.C. § 1983 action, and damages. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). Plaintiff's allegations do not demonstrate that he is in "imminent danger of serious physical

---

[2] The Eleventh Circuit held that a dismissal without prejudice for abuse of the judicial process when a prisoner fails to reveal his prior litigation "is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Rivera*, 144 F.3d at 731.

injury." 28 U.S.C. § 1915(g). Thus, Plaintiff does not qualify for the exception to the three-strikes rule.

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is therefore **DENIED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.[3] Plaintiff's motions for appointment of counsel (ECF No. 4 & 7), motion for a preliminary injunction (ECF No. 5), and motion to amend (ECF No. 6) are **DENIED** as moot.

**SO ORDERED**, this 14th day of May 2025.

*/s/ W. Louis Sands*
W. LOUIS SANDS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit. Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $405.00 filing fee.